UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSE M. CARTER, JR.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-1395 (RMU) |
| ) | |
| **HENRY J. SADOWSKI, et al.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO TRANSFER VENUE
TO THE DISTRICT OF NEW JERSEY**

Defendants Henry J. Sadowkski, et al, by and through undersigned counsel, hereby moves this Court pursuant to Rule 12(b)(3), Fed. R. Civ. P., 28 U.S.C. §1404, and 28 U.S.C. §1406, to transfer this case to its proper venue.  Defendants asks the Court for an order transferring this case to the United States District Court for the District of New Jersey. [1]  In support of this Motion, the Court is referred to Defendants' accompanying Memorandum of Points and Authorities and proposed Order attached hereto.

Dated June 4, 2008.

                                                          Respectfully submitted,

                                                          /s/_____
                                                          JEFFREY A. TAYLOR D.C. BAR # 498610
                                                           United States Attorney

                                                          /s/_____
                                                          RUDOLPH CONTRERAS, D.C. BAR #434122
                                                           Assistant United States Attorney

---

[1]    Pursuant to LCvR 7(m), undersigned counsel did not contact Plaintiff because he is incarcerated.

/s/_____
BLANCHE L. BRUCE, D.C. BAR #
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-6078


**CERTIFICATE OF SERVICE**

I certify that on June 4, 2008, I caused the foregoing Motion to Transfer, Memorandum of Support, and Order to be served on pro se Plaintiff, postage prepaid, addressed as follows:

Jessie M. Carter, Jr.
R# 06545-052
FCI
Fort Dix, New Jersey 08640


/s/_____
BLANCHE L. BRUCE
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-6078

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE M. CARTER, JR.,                )                                         |
|                                                        )                                         |
|      **Plaintiffs,**       )                                         |
|                                                        )                                         |
| v.                                                  )   Civil Action No. 07-1395 (RMU) |
|                                                        )                                         |
| HENRY J. SADOWSKI, et al.,    )                                         |
|                                                        )                                         |
|      **Defendants.**     )                                         |

**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**

Plaintiff filed a civil action on April 14, 2008 in United States District Court. Though largely unintelligible, Plaintiff scantily makes out the allegation that the Bureau of Prisons violated his rights by the loss of his personal property on April 29, 2004 and claims that the Bureau of Prisons refused to accept his timely administrative tort claim. As a result of Defendants' alleged conduct, Plaintiff seeks injunctive relief that would force the Bureau of Prisons to accept his claim and, presumably, reimburse him for the loss of his property. Plaintiff however does not states this damage for monetary relief explicitly**.**  The District of Columbia is an improper venue because Plaintiff resides in New Jersey and the actions alleged in Plaintiff's Complaint occurred solely and exclusively within the District of New Jersey. The matter therefore should be transferred to that judicial district.

**STATEMENT OF FACTS**

Plaintiff, an inmate named Jesse M. Carter, Jr., Register Number 06545-052**,** is incarcerated at the Federal Correctional Institution in Fairton, New Jersey. See Complaint at 1. Plaintiff allege that his case is brought under the Federal Tort Claims Act ("FTCA")**.**  Plaintiff

alleges that the Bureau of Prisons failed to provide redress for his grievance of lost property. See Complaint at 4 and Attachments 3 & 5. And alleges violations his rights when the Bureau of Prisons refused to accept his administrative tort claim on procedural grounds. See Complaint at 5. A review of the attached administrative tort claims show that the Bureau of Prisons officials received several attempts by plaintiff to file an administrative tort claim. See Complaint Attachments 2, 4, & 6. They were all rejected as the allegations were all well outside the two year statutory period. See Complaint Attachments 3 and 5.

## ARGUMENT

**I.    STANDARD OF REVIEW**

In considering a motion to transfer for improper venue under Rule 12(b)(3), the Court must accept the plaintiff's "well-pled factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual conflicts in plaintiff's favor." Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). "If the Court concludes that venue is improper, it must either dismiss the action or 'if it be in the interest of justice, transfer it to any district or division in which it could have been brought.'" Sheppard v. U.S., 2007 U.S. Dist. LEXIS 27044 (D.D.C. 2007) citing 28 U.S.C. 1406(a). Moreover, "[t]he decision whether to dismiss or transfer is committed to the 'sound discretion' of the Court." Id. citing Naartex Consulting Corp. v. Watt, 232 U.S. App. D.C. 293 (D.C. Cir. 1983). Applying this standard demonstrates that Plaintiff's Complaint should be transferred.

**II.     VENUE IS IMPROPER IN THE DISTRICT OF COLUMBIA**

Plaintiff's claims must be transferred pursuant to Rule 12(b)(3) and 28 U.S.C. §1406(a) for improper venue.[1] Under 28 U.S.C. § 1402(b), venue for any claims brought under the Federal Tort Claims Act lies *only* in the judicial district where the plaintiff resides or where the cause of action arose. The section states that:

> Any civil action on a tort claim against the United States...may be prosecuted *only* in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. (Emphasis added).

28 U.S.C. § 1402(b); see also Zakiya v. U.S., 2003 WL 21403767 at p. 4 (D.D.C.) ("Because none of the operative events that constitute the *gravamen* of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper."); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. F.A.A., 617 F. Supp. 190, 198 (D.D.C. 1985). For venue purposes, a federal inmate's residence is his current place of confinement. See In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978); Bryant, 652 F. Supp. at 1287. A tort claim arises under the FTCA at the place where the acts complained of occurred.[2] See Beattie v. United States, 592 F. Supp. 780, 784 (D.D.C. 1984).

---

[1]     28 U.S.C. §1406(a) states that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

[2]     Likewise, for a Constitutional tort claim, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). See Harrison v. Lappin, 2005 WL 752186 at 3 (D.D.C. Mar. 31, 2005). There has been, however, no waiver of sovereign immunity for constitutional tort claims for money damages against the United States. Taylor v. FDIC, 132 F.3d 753, 768 (D.C. Cir. 1997) (holding that "no cause of action for damages for constitutional violations . . . is to be implied against government agencies."); Komongnan v. United States Marshals Serv., 471 F. Supp.2d 1, 4 (D.D.C. 2006) (same).

Plaintiff is incarcerated in New Jersey. See Complaint. Furthermore, though Plaintiff has not alleged any facts that occurred in the District of Columbia he filed his action in this District. Courts in this Circuit recognize the danger of giving all federal inmates the opportunity to bring their claims here. "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburg, 983 F.2d 253, 256 (D.C. Cir. 1993).

### III. THE DISTRICT OF NEW JERSEY IS THE PROPER DISTRICT FOR THIS CASE

Even if venue were technically proper in this District under 28 U.S.C. §1402 (which it is not), the case should be transferred anyway for the convenience of the parties and witnesses under 28 U.S.C. §1404(a). According to that section, a district court may transfer any civil action to any other district or division where it may have been brought. See 28 U.S.C. § 1404(a). Section 1404(a) permits the Court to transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A threshold question is whether the case could have been brought in the district to which transfer is sought.[3] See Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964)). The Court then must engage in a case by case analysis and balance the private interests of the parties with public interests such as efficiency and fairness. Id. at 29; Abusadeh, 2007 WL 2111036, at *3. Transferring the case to the District of New Jersey serves both the private and the public

---

[3] The FTCA permits (if not mandates) this case to be brought in the District of New Jersey. See Section II supra.

4

interests.

    1.  The private interests weigh in favor of transferring

The factors courts consider when assessing private interests include: the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof.  See Trout Unlimited v. United States Dep't of Agriculture, 944 F.Supp. 13, 16 (D.D.C. 1996) (citation omitted).  Although courts generally accord substantial deference to a plaintiff's choice of forum, that deference is lessened when the forum chosen is not the plaintiff's home forum.  See Shawnee Tribe v. United States, 298 F.Supp.2d 21, 24 (D.D.C. 2002) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981)).  Courts also apply less deference when the chosen forum has an inadequate nexus to the events in the case.  See Southern Utah Wilderness Alliance v. Norton, 315 F. Supp.2d 82, 86 (D.D.C. 2005).

    A.     Plaintiff's choice of forum

Plaintiff's choice of forum deserves little deference because he does not reside in this District, and because this District lacks meaningful ties to the controversy.  Plaintiff is currently housed in New Jersey and all his administrative record word be stored  at his place of confinement.  Accordingly, this case is similar to other cases in which courts have found that the interests favor transfer because the "primary issue in th[e] case" concerns a decision made by an agency's local outpost as opposed to its headquarters.  Southern Utah Wilderness Alliance, 315 F. Supp.2d at 87; see, e.g., Shawnee Tribe, 298 F. Supp.2d at 24 (transferring and noting that the Government's field offices were "actively involved" in decision at issue and the decision-making process was not "substantially focused" in Washington, D.C.); Sierra Club v. Flowers, 276

F.Supp. 62, 67 68 (D.D.C. 2003) (transferring case because federal officials in Florida made the relevant decision and officials in Washington, D.C. were not involved in the decision making process); Airport Working Group of Orange County, Inc. v. United States Dep't of Defense, 226 F. Supp.2d 227, 230-31 (D.D.C. 2002) (transferring because connection to D.C. was "attenuated" where D.C. officials were not actively involved in challenged decision).

  B. Defendant's choice of forum

  The Court next considers Defendant's choice of forum.  Defendant has legitimate reasons for seeking transfer.  The District of New Jersey is where  Plaintiff reside and is the jurisdiction that is home to the federal prison in Fairton, New Jersey.  To the extent that Plaintiff allege that the events or omissions that form the basis of his Complaint took place in New Jersey, the Court should transfer the case to the District of New Jersey.   The prison is there, the Plaintiff is there, all of the relevant witnesses are there, and all relevant administrative tort claim records are there.

  C. The claims arose elsewhere, the convenience of the parties and witnesses, and the access to the sources of proof

  Again, the analysis for the private interests require that the Court look at whether the claims arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof.  Any fair reading of Plaintiff's' Complaint leads the reader to one conclusion: all of the alleged actions and inactions in this case occurred (or failed to occur) in New Jersey.  Moreover, it is hard to think that having the case in the District of New Jersey would be less convenient for Plaintiff – who resides in the District of New Jersey  – than would be having the case in Washington, D.C.  In addition, virtually all conceived witnesses are or were in New Jersey.  The same cannot be said about Washington, D.C.  Finally, it is again hard to imagine that access to proof in this case will somehow be easier in Washington, D.C. than it

would be in a court in New Jersey.

    2.  <u>The Public Interests Weigh In Favor of Transferring The Case</u>

The public interests also favor transfer. The relevant considerations include: the transferee's familiarity with governing laws, relative congestion of the calendars of the potential transferee and transferor courts, and local interests in deciding local controversies at home. <u>See Trout Unlimited</u>, 944 F.Supp. at 16 (citation omitted); <u>Airport Working Group of Orange County, Inc.</u>, 226 F. Supp.2d at 229. The local interests almost always favor the transferring of a case to the district in which the dispute arose because of the natural inclination to have local problems resolved locally. <u>Abusadeh v. Chertoff</u>, 2007 WL 2111036 (transferee court had a "superior interest in addressing the instant controversy because 'there is a local interest in having localized controversies decided at home.'" <u>Id.</u> at *8. This case presents no reason why venue should be anywhere else but the District of New Jersey.

## **CONCLUSION**

Because venue is statutorily improper in this case under the FTCA, the Court should transfer Plaintiff's case to the jurisdiction in which the actions that gave rise to Plaintiff's claims occurred. Even if the Court finds that venue is permissible in Washington, D.C. under the FTCA, the Court nonetheless should transfer this case to its natural setting: the District of New Jersey.

        Respectfully submitted,

        /s/_____
        JEFFREY A. TAYLOR D.C. BAR # 498610
        United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR #
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-6078

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSE M. CARTER, JR.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 07-1395 (RMU) |
| ) | |
| **HENRY J. SADOWSKI, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

UPON CONSIDERATION of Defendants' Motion to Transfer, the accompanying memorandum, any opposition by Plaintiff, and the entire record herein, it is on this ___ day of _____, 2008,

ORDERED that Defendants' Motion to Transfer is Granted.

_____
United States District Judge