UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 23 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jesse McKinley Carter Jr(c).,
  Secured Party,

v           Civil Action No.:07-1395(RUM)

HENRY J. SADOWSKI, et al.,
  Defendant(s).

### SECURED PARTY'S RESPONSE TO DEFENDANT(s) MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY

  **COMES NOW**, Jesse McKinley Carter Jr(c)., Secured Party, hereinafter "Plaintiff", hereby respond's to Defendant(s) Motion to Transfer Venue to the District of New Jersey.

  Defendant(s) motion to transfer venue to the District of New Jersey is misplaced and moot at this time. Plaintiff's reasons and belief's are as follows:

#### STATEMENT OF FACTS

1.  This is and uncontested Tort Claim, and all Party's are in agreement by default and/or stipulation to the facts for settlement and closure of this account. This Default has been certified by a New York State Notary Public, the New York State County Clerk, and the New York State, Secretary of State, the New York State UCC office, and filed in public record. See Exhibits Filed in complaint Marked (26, 29 thru 40).

2.  This claim has been filed in the United States District Court for the District of Columbia, for the purpose of the court

to enforce the Contractual Agreements between Defendant(s) and Plaintiff.

3. The Tort Claim Division(s) in question reside in Washington D.C..

4. The Director of the Federal Bureau of Prisons resides in Washington D.C..

5. The Director of the Federal Bureau of Prisons, authorized representative, Administrative Remedy Coordinator resides in Washington D.C..

6. This Tort Claim was filed to the Dircetor of Tort, Tort Branch, Civil Division. U.S. Department of Justice, Washington D.C. 20530, and received timely on March 24, 2006 A.D. See Exhibit filed in complaint Marked (B). And Plaintiff exercised Due Diligence in requesting the status of the claim. On May 30, 2006 A.D. and On August 10, 2006 A.D. With no response. See Exhibit filed in complaint Marked (B2).

7. The Tort Claim Branch, Civil Division failed and/or fefused to forward this claim to the Federal Bureau of Prisons, Tort Branch, Claims Division Room 754, Holc, 320 First Street, Washington D.C. 20534, as required by 28 Code of Federal Regulations §§ 15.1(b)(1), 15.2 and 15.3.

8. With no response Plaintiff had a friend call the Tort Claim Division, and was informed that this claim should be mailed to the Federal Bureau of Prisons, Tort Branch, which Plaintiff did, and the claim was received on December 12, 2006 A.D. See

Exhibit filed in complaint Marked (B3) and (B4).

9. The above averred facts were in-fact submitted to Defendant(s) in a series of Administrative Notice's, to wit: Administrative Notice to Cure Error. See Exhibit filed in complaint Marked (2) (2A) & (2B). Notice of Dishonor and Administrative Demand. See Exhibit filed in complaint Marked (4). Affidavit - Notice of Default, with Dishonor Settlement Agreement, No.: TRT-NER-2007-01890-A1, mailed Certified No.: 7005 31100000 0891 7295. Which Defendant(s) are now in agreement by default, and has agreed to the Stipulations Number(s) 1 Thru 4, in Exhibit filed in complaint Marked (4 page 3 of 4). and waived [a]ll rights to any defense against this action, let alone Venue.

## CONCLUSION

Plaintiff seek's injunctive relief that would force the Bureau of Prisons to accept Plaintiff(s) Claim, on a Jurisdictional issue, and avers damage for monetary relief explicity. And Defendant(s) are in agreement. See Exhibit filed in complaint Marked (26), (37 thru 40) & (Commercial Affidavit of Truth, Page 5 of 6).

Plaintiff has been denied the right for redress of grievance and relief can only come from the Federal Bureau of Prisons in Washington D.C., and it is minimal Procedural Due Process that parties whose rights are to be affected are entitled to be heard.

For the guarantees of procedural due process to aply, it must be shown that a deprivation of a significant life, liberty or property interest has occurred. And Plaintiff has shown these facts.

Thereby, it is respectfully requested that this court retain venue, in as much as all parties reside in Washington D.C. Not government agencies per se, but government employee's that violate the Constitution operating without any judicial authority. When they fail and/or refuse to up hold their sworn oath of office. Under the United States Constitution; to protect the unlienable rights of the People that they are supposed to serve.

It is respectfully requested that this court deny defendant(s) Motion to Transfer Venue in the ends of justice.

Respectfully submitted

*[signature]*
Jesse McKinley Carter Jr(c)
Federal Correctional Institution
Post Office Box [2000]
Fort Dix [08640]
New Jersey
U.S.M.S. No.: [06545-052]

### CERTIFICATE OF SERVICE

I, Certify that on June 18 2008 A.D., I caused the foregoing response to Defendant(s) motion to transfer venue to the district of New Jersey, and Order to be served on the Defendant(s), postage prepaid, addressed as follows:

BLANCHE L. BRUCE
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington D.C. 20530

*[signature]*
Jesse McKinley Carter Jr(c)
non-assumpsit/TDC: Secured Party

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jesse McKinley Carter Jr(c).,
    Secured Party,

v                                                          Civil Action No.: 07-1395(RUM)

HENRY J. SADOWSKI, et al.,
    Defendant(s).

## ORDER

UPON CONSIDERATION of Plaintiffs' response to Defendant(s) Motion to Transfer Venue to the District of New Jersey, the accompanying herein and enclosed Motion, any opposition by the Defendants', and the entire record herein, it is on this _____ day of _____, 2008 A.D.

ORDERED that Pliantiffs' motion in response to the Defendants' motion to Transfer Venue is Granted.

                                                                       United States District Judge