UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSE M. CARTER, JR.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-1395 (RMU) |
| ) | |
| **HENRY J. SADOWSKI, et al.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO
TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**

Plaintiff responds that his "uncontested Tort Claim" should remain here because he filed his claim with the Tort Claim Branches of the U. S. Department of Justice and the Federal Bureau of Prison (BOP), located in Washington, D.C. (Plaintiff's Response at 1-2).[1]  But the places he filed his claims does not change the fact that the District of New Jersey is the proper jurisdiction for Plaintiff's tort action, and therefore, this Court should transfer Plaintiff's case.

A plaintiff may bring a Federal Tort Claim Act (FTCA) "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." See 28 U.S.C. § 1402(b). Courts have construed Section 1402(b) broadly to allow venue "'if sufficient activity giving rise to the plaintiff's cause of action took place'" in the jurisdiction where the case was filed. Zakiya v. United States, 267 F.Supp.2d 47, 58 (D.D.C.2003) (quoting Franz v. United States, 591 F.Supp. 374, 378 (D.D.C.1984)).  The District Court in Hahn v. United States, 457 F.Supp.2d 27, 29 (D.D.C. 2006) noted, however, "the plaintiff's choice of a forum is honored 'if the activities that transpired in the forum district were not insubstantial in relation to the totality of events giving rise to plaintiff's

---

[1] Plaintiff calls his motion a response to Defendants' Motion to Transfer, however, Defendants will treat the motion as an opposition.

grievance.' "(citing Franz, 591 F.Supp. at 378).

Here, Plaintiff's Complaint alleges that BOP failed to provide redress for his grievance of lost property and violated his rights when it refused to accept his administrative tort claim on procedural grounds. The actions Plaintiff complains of occurred in New Jersey. Additionally, Plaintiff currently resides in the District of New Jersey, and the relevant witnesses and administrative tort claim records are in New Jersey. Plaintiff can not demonstrate to this Court that he lives in the District of Columbia or that any of the actions he complains of occurred within the District of Columbia. Venue for any FTCA claim lies only in the judicial district where plaintiff resides or where the cause of action arose. Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. F.A.A., 617 F. Supp. 190, 198 (D.D.C. 1985). Furthermore, Plaintiff's administrative filings of his tort claim are clearly "insubstantial in relationship to the totality of events giving rise to [P]laintiff's grievance" which occurred in New Jersey. Hahn, 457 F.Supp. 27 at 29. .

Finally, courts in this Circuit recognize the danger of giving all federal inmates the opportunity to bring their claims here. "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburg, 983 F.2d 253, 256 (D.C. Cir. 1993). This Court should transfer Plaintiff's case to the District of New Jersey because it is the only proper judicial district for this civil action.

Dated July 1, 2008.

                                    Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR #
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 307-6078

## CERTIFICATE OF SERVICE

    I certify that on July 1, 2008, I caused the foregoing Reply to Plaintiff's Motion to Transfer Venue to be served on pro se Plaintiff, postage prepaid, addressed as follows:

Jessie M. Carter, Jr.
R# 06545-052
FCI
Fort Dix, New Jersey 08640

                        /s/_____
BLANCHE L. BRUCE
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-6078