UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jesse McKinley Carter Jr(c)
    Secured Party,

v          Civil Action No.: 07-1395 (RUM)

HENRY J. SADOWSKI, et al.,
    Defendants.

RECEIVED
JUL 31 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFFS RESPONSE AND/OR OPPOSITION TO
DEFENDANTS' REPLY TO PLAINTIFFS RESPONSE
AND/OR OPPOSITION TO DEFENDANT' MOTION
TO TRANSFER VENUE TO THE DISTRICT OF
NEW JERSEY

---

    As averred in in Secured Party's, hereinafter 'Plaintiff(s)' last response and/or opposition. The Defendant(s), are in agreement by default to what ever relief Plaintiff deem appropriate. See attached exhibit (A). Id at 7.

    Also This court held in <u>Ronald Sterni v. F.B.O.P. 515 F. Supp. 2d 153 (D. D.C. 2007)</u>, that convenience of parties and interest of justice did not weigh in favor of transfer of venue. Plus, the all access to the sources of proof are in the District of Columbia, nor would Plaintiff have to be transferred to the District of Columbia.

    All other facts that are to be taken into consideration have been averred in Plaintiff(s) prior response and/or opposition.

    Thereby, it is respectfully requested that this court retain venue, and deny Defendant(s) request to transfer venue.

Respectfully submitted
Jesse McKinley Carter Jr(c)

## CERTIFICATE OF SERVICE

    I, Certify that on July 18, 2008 A.D., I caused the foregoing opposition to Defenant(s) reply to my reply to Defendant(s) motion to transfer venue to the District of New Jersey, postage perpaid, addressed as follows:

        BLANCHE L. BRUCE
        Assistant U.S. Attorney
        Civil Division
        555 4th Street, N.W.
        Washington D.C. 20530


                Jesse McKinley Carter Jr(c)
                non-assumpsit/TDC: Secured Party
                Federal Correctional Institution
                Post Office Box [2000]
                Fort Dix [08640]
                New Jersey
                U.S.M.S. No.; [06545-052]

UNITED STATES GOVERNMENT
MEMORANDUM
FEDERAL BUREAU OF PRISONS

DATE: July 15, 2005

REPLY TO
ATTN OF: Administrative Remedy Coordinator
National Inmate Appeals, Central Office

SUBJECT: Administrative Remedy Appeal - Case No. 338359-A1

RECEIVED
JUL 22
FCI FAIRTON
WARDEN'S OFFICE

Jesse Carter
Reg. No. 06545-052
FCI Fairton

____ 1. Your appeal was answered on _____. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

____ 2. Your appeal was filed on _____ and a response is still in progress. If more than 40 days have elapsed since the filing date, you are entitled to consider your appeal denied. However, some cases cannot be decided within this time period. In that event, the time for response may be extended for an additional 20 days. Staff will provide you with a computer-generated notice of extension to inform you of the extension.

____ 3. Our records indicate that the appeal you referenced has not been filed with this office.

____ 4. You have not provided sufficient information for us to respond to your inquiry. If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

____ 5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff. If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure. This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

____ 6. Extensions are granted only if an inmate's submission is untimely by no fault of his own. Requests for extensions are only considered when submitted with the complete appeal packet.

_X_ 7. Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

____ 8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons. Your issue is one of _____ jurisdiction.

____ 9. Your appeal was rejected and returned to you on _____.

____ 10. Other: